

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,383-02

### EX PARTE JUAN ORTIZ, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 18-08-137-CRW-A IN THE 81ST DISTRICT COURT
### FROM WILSON COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of burglary of a habitation and sentenced to thirty-five years' imprisonment. The Fourth Court of Appeals dismissed his appeal. *Ortiz v. State*, No. 14-19-00481-CR (Tex. App.—San Antonio Nov. 27, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In a single ground, Applicant contends that he was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. On January 29, 2020, we remanded this application and directed the trial court to order trial counsel to respond to Applicant's claim. On remand, the trial court made findings of fact and conclusions of law, but nothing in the supplemental record

indicates that trial counsel was ordered to respond. Accordingly, the trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained on remand, the trial court shall immediately notify this Court of counsel's name.

After reviewing trial counsel's response, the trial court shall make further findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 15, 2020
Do not publish